UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KIMBERLY COLLINS as Personal Representative of the Estate of Katrina Collins, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | 1:14-cv-00056-SEB-TAB |
| vs. | ) ) ) | |
| MANHEIM REMARKETING, INC. doing business as MANHEIM INDIANAPOLIS, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY**

This cause is before the Court on Defendant's Motion to Exclude Portions of the Testimony and Opinions of Plaintiff's Expert Peter A. Philbrick [Docket No. 41], filed September 1, 2015. For the reasons detailed herein, we **GRANT** Defendants' motion.[1]

**Factual Background**

Manheim is a vehicle auction company in the business of selling salvage vehicles for rental car companies. Pursuant to its national contract with Enterprise Rental Car, Manheim was assigned a wrecked Nissan Versa to sell on Enterprise's behalf. After receiving the Versa, Manheim's agent, Kevin Wiseman, reattached the car's rear bumper

---

[1] On October 23, 2015, this case was consolidated for purposes of discovery and pretrial proceedings with *Phares v. Manheim Remarketing, Inc.*, 1:14-cv-01190-SEB-TAB. Although they are separate causes, the two cases are based on identical facts, and the Plaintiffs have relied on the same experts. Defendants in the two cases have filed matching motions so exclude. Dkts. 41, 52 (respectively). As a result, our analysis in this order mirrors that of our order in the *Phares* litigation.

1

cover, which had become dislodged in a prior accident, using either zip ties or bumper clips. Manheim sold the Versa to Burkhart Automotive. Ken Burkhart, on behalf of Burkhart Automotive, retrieved the Versa from Manheim's Indianapolis auction facility using a flatbed rollback tow truck. During transit from Manheim's Indianapolis facility to Burkhart Automotive's Greensburg location, the rear bumper cover fell off the vehicle and came to rest in the left-hand lane of travel of eastbound Interstate 74 near mile marker 98. Katrina Collins and Brady Phares were traveling in their car in the left-hand lane of eastbound Interstate 74 where they came upon the Versa bumper cover. After swerving to the right, their vehicle was propelled across the grass median into oncoming traffic and was struck by a tractor-trailer truck, resulting in the death of Ms. Collins and permanent injuries to Mr. Phares.

Plaintiff has retained Peter A. Philbrick as an expert in this case. Mr. Philbrick is employed by Ruhl Forensic as a commercial vehicle safety specialist with expertise in "truck driving, truck operations, truck management, truck safety, forklift management, training, and safety, and warehouse operations." Philbrick Dep. 5:20–23. He is expected to testify to the applicability of the Federal Motor Carrier Safety Regulations with regard to the accident at issue in this case.

On September 1, 2015, Defendants filed a motion to exclude Mr. Philbrick's expert opinion that "Manheim Remarketing employee Kevin Wineman negligently reattached the bumper to the Versa using nylon wire ties or bumper clips, creating a latent

or hidden defect," arguing that it was inadmissible under Federal Rule of Evidence 702. Dkt. 41. Our analysis of that motion to exclude ensues.

## Legal Analysis

To be admissible, expert testimony must satisfy the conditions of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Federal Rule of Evidence 702 states that, "[a] witness who is qualified as an expert…may testify in the form of opinion…if the expert's…specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. *Daubert* requires courts to ensure that any expert testimony is based on valid scientific, technical, or specialized knowledge and that such testimony will be of assistance to the trier of fact. 509 U.S. at 592; *see also United States v. Welch,* 368 F.3d 970, 973 (7th Cir. 2004).

The first task of the court in passing on the admissibility of expert testimony is to determine whether the expert is qualified in the relevant field. *Zelinski v. Columbia 300, Inc.,* 335 F.3d 633, 640 (7th Cir.2003). A witness may offer an expert opinion only if he draws on some special "knowledge, skill, experience, training, or education" to formulate that opinion. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 723 (7th Cir. 1999). Moreover, the opinion he offers "must be an *expert* opinion (that is, an opinion informed by the witness' expertise) rather than simply an opinion broached by a purported expert." *Id.* (quoting *United States v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991)). "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness

3

has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." *Carroll v. Otis Elevator Co.,* 896 F.2d 210, 212 (7th Cir. 1990).

Here, Defendant claims that Mr. Philbrick is not qualified to opine on the proper method of reconditioning the Nissan Versa. In other words, Defendant argues that Mr. Philbrick's opinion that "Manheim Remarketing employee Kevin Wineman negligently reattached the bumper to the Versa using only wire ties or bumper clips creating a latent or hidden defect" is in point of fact not an *expert* opinion. Philbrick Report at 4, ¶ 1. In response, Plaintiff notes that Mr. Philbrick has accumulated more than three decades of experience in commercial motor vehicle safety management and accident investigation, with over a dozen years in commercial motor vehicle risk management, which experience qualifies him as an expert in that field.

Rule 702 certainly permits testimony by an expert whose qualifications are based on his substantial experience. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  However, "[i]f the witness is relying solely or primarily on experience, the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient bases for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" Fed. R. Evid. 702 advisory comm. nn. (2000 Amends.) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 43 F.3d 1311, 1319 (9th Cir. 1995); *accord Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997). Plaintiff has failed to provide any link between Mr. Philbrick's stated experience and his conclusion with

regard to the correct manner of reattaching a bumper. There is no evidence that Philbrick is an expert in automobile fabrication, automobile repair, or the reconditioning of salvaged vehicles, nor is there any evidence that Philbrick's experience in commercial motor vehicle operation, training, and safety offers a sufficient basis on which to form his opinion regarding the proper reattaching of a bumper. Without support in the record, we cannot simply assume that years of experience in commercial motor vehicle operation translates into expertise in automotive fabrication or reconditioning. *See Cunningham v. Masterwear, Inc.*, 2007 WL 1164832, at *10 (S.D. Ind. Apr. 19, 2007) ("Just as a lawyer is not by general education and experience qualified to give an expert opinion on every subject of the law, so too a scientist or medical doctor is not presumed to have expert knowledge about every conceivable scientific principle or disease.") (citation omitted).

     Plaintiff rejoins that, in forming his opinion, Philbrick permissibly relied on Kevin Wineman's testimony, which revealed that he (Wineman) had reattached the bumper using either zip ties or bumper clips "for looks" rather than for security, and that in his opinion, doing so created a dangerous condition when the Versa was later transported. Expert witnesses may base opinions on facts or data of which they have been made aware, see Fed. R. Evid. 703, but as we have explained, the experts' opinions must be confined to their respective fields. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 723–24 (7th Cir. 1999). Because Plaintiff has failed to refute Defendant's argument that Mr. Philbrick's expertise is limited to commercial motor vehicle operation, training, and

5

safety, it is testimony that is not relevant to the issues in the case at bar. We therefore strike paragraph one of the conclusions listed in Peter Philbrick's expert report.

## Conclusion

For the reasons detailed above, Defendant's Motion to Exclude Portions of the Testimony of Plaintiff's Expert Peter A. Philbrick [Docket No. 41], is **GRANTED**.

IT IS SO ORDERED.

Date: 2/18/2016     _____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Alexander C. Trueblood
COHEN & MALAD LLP
atrueblood@cohenandmalad.com

Daniel Sherwood Chamberlain
COHEN & MALAD LLP
dchamberlain@cohenandmalad.com

Bruce D. Jones
CRUSER MITCHELL & GASTON LLC
bjones@cmlawfirm.com

Keenan C. Fennimore
CRUSER MITCHELL & GASTON, LLC
kfennimore@cmlawfirm.com

Sally Reed Hubbard
CRUSER MITCHELL & GASTON, LLC
shubbard@cmlawfirm.com

Keith A. Gaston
CRUSER, MITCHELL & GASTON, LLC
kgaston@cmlawfirm.com